UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MARICO CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-203 NAB |
| | ) | |
| TRAVIS TEMPERMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff, Marico Carter, an inmate at Dunklin County Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00.[1] *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal cases against plaintiff that arises out of the same facts.

---

[1] Plaintiff claims that he has been unable to obtain a copy of his prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner=s finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

1

**Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights. Prior to this case being filed, an underlying criminal case was filed against plaintiff in Missouri State Court. *See State v. Carter*, Case No. 16SD-CR01143-02 (35th Judicial Circuit, Dunklin County Court). In that case, plaintiff has been charged with the felony delivery or manufacture of an imitation of a controlled substance, in violation of Mo.Rev.Stat. § 195.242. The matter is currently scheduled for a pre-trial conference on January 10, 2018.

In the current action, plaintiff asserts that he is being falsely imprisoned and maliciously prosecuted for the alleged crime of attempting to sell a white substance to an undercover officer, defendant Travis Templemire[2], as heroin for an amount of $1,850.00. Plaintiff asserts that the prosecutor in the case, Russell Oliver, assisted Officer Templemire in falsely accusing plaintiff and imprisoning him on these charges. Plaintiff's claims in this lawsuit arise under the Fourth Amendment and include: lack of probable cause; false arrest; false imprisonment; and malicious prosecution. Plaintiff blames both the police and the prosecutor for acting outside the Fourth Amendment.

**Discussion**

In *Wallace v. Kato,* the United States Supreme Court held that Athe statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process. *Wallace*, 549 U.S. at 397. The Court observed that [f]alse arrest and false imprisonment overlap; the former is a species of the latter. *Id.* at 388. The Court

---

[2]Plaintiff has identified this defendant as both "Tempermire" and "Templemire." The Court is unsure of the correct spelling of defendant's name.

instructed that where a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Id.* at 393-94. Otherwise, the court and the parties are left to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession. *Id.* at 393 (internal citation omitted).

In this case, plaintiff asserts claims for false arrest and false imprisonment, as well as malicious prosecution. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter currently pending against plaintiff has been resolved through criminal appeals, as well as through post-conviction processes.

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[3]

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the appellate proceedings and post-conviction proceedings against plaintiff relating to his criminal cases of *See State v. Carter*, Case No. 16SD-CR01143-02 (35th Judicial Circuit, Dunklin County Court).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *See State v. Carter,* Case No. 16SD-CR01143-02 (35th Judicial Circuit, Dunklin County Court).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the appellate proceedings and post-conviction proceedings related to the criminal charges pending against plaintiff in *See State v. Carter,* Case No. 16SD-CR01143-02 (35th Judicial Circuit, Dunklin County Court). This case may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

Dated this  2nd   day of January, 2018.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[3] After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10.   28 U.S.C. § 1915(b)(2).