# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MARICO CARTER, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-CV-203 NAB |
| TRAVIS TEMPERMIRE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to reopen the instant matter. After reviewing plaintiff's motion, as well as the pendency of the underlying criminal cases on Missouri Case.Net, the Court will deny plaintiff's motion.

### Background

Plaintiff filed this action on November 20, 2017, pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth Amendment rights. Plaintiff asserted that he was being falsely imprisoned and maliciously prosecuted for the alleged crime of attempting to sell a white substance to an undercover officer, defendant Travis Templemire[1], as heroin for an amount of $1,850.00. Plaintiff additionally asserted that the prosecutor in the case, Russell Oliver, assisted Officer Templemire in falsely accusing plaintiff and imprisoning him on these charges. Plaintiff's claims in this lawsuit included: lack of probable cause; false arrest; false imprisonment; and malicious prosecution.

Prior to this case being filed, an underlying criminal case was filed against plaintiff in Missouri State Court. In that case, plaintiff was charged with the felony delivery or manufacture

---

[1]Plaintiff has identified this defendant as both "Tempermire" and "Templemire." The Court is unsure of the correct spelling of defendant's name.

of an imitation of a controlled substance, in violation of Mo.Rev.Stat. § 195.242. The case was consolidated with several other state criminal cases prior to trial. *See State v. Carter*, Case No. 16DU-CR01458 (35th Judicial Circuit, Dunklin County Court). Plaintiff pled guilty to the delivery or manufacture of imitation of a controlled substance and was sentenced on January 10, 2018, to seven (7) years' imprisonment.[2]

Based on the pendency of the underlying criminal cases against plaintiff that arose out of the same facts, the Court stayed the § 1983 action pursuant to *Wallace v. Kato,* 549 U.S. 384 (2007). At the time it stayed the present action, plaintiff had not yet pled guilty or been sentenced to the underlying state crime. Plaintiff was instructed that he could seek to reopen the present matter after culmination of the underlying state case.

## Discussion

In the instant motion, plaintiff seeks to reopen the instant § 1983 action against state prosecutor Russell Oliver and police officer Travis Templemire. He claims that his state criminal action is now complete. Plaintiff, however, may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless his conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Therefore, this Court may not reopen the present action unless plaintiff is able to overturn his conviction in *State v. Carter*,

---

[2]Prior to the case going to trial in Dunklin County, the case was docketed as *State v. Carter*, Case No. 16SD-CR01143-02 (35th Judicial Circuit, Dunklin County Court). This case was consolidated into two other cases for the purposes of a plea deal, and it is now docketed as *State v. Carter*, Case No. 16DU-CR01458 (35th Judicial Circuit, Dunklin County Court).

2

Case No. 16DU-CR01458 (35th Judicial Circuit, Dunklin County Court), through appeal or by a writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen the present action [Doc. #8] is **DENIED**.

Dated this 18th day of January, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE